IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| RUDY'S TEXAS BAR-B-Q, L.L.C. | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| RUDY'S OPERATING COMPANY, LLC | § | |
|    *Defendant.* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT WITH JURY DEMAND**

RUDY'S TEXAS BAR-B-Q, LLC, Plaintiff, by and through the undersigned counsel, files this Original Complaint against Defendant RUDY'S OPERATING COMPANY, LLC and avers on personal knowledge as to itself and its own acts, and on information and belief as to all other matters (as to which averments they believe substantial evidentiary support will exist after a reasonable opportunity for further investigation and discovery), complains of Defendant as follows:

## I - INTRODUCTION

1.01      RUDY'S TEXAS BAR-B-Q, LLC owns the rights to, and has continuously used the marks (1) RUDY'S COUNTRY STORE AND BAR-B-Q ("Mark 1"), RUDY'S TEXAS BAR-B-Q ("Mark 2"), and RUDY'S, in connection with gasoline sales, convenience store, and restaurant services. The marks RUDY'S COUNTRY STORE AND BAR-B-Q and RUDY'S TEXAS BAR-B-Q were respectively registered for restaurant, delicatessen and catering services with the United States Patent and Trademark Office ("USPTO"), have been in continuous use, and are incontestable. RUDY'S COUNTRY STORE AND BAR-B-Q was first used in commerce on August 15, 1989. RUDY'S TEXAS BAR-B-Q was first used in commerce on June 30, 2000. A true and correct copy

of the Certificate of Registration with specimen for RUDY'S COUNTRY STORE AND BAR-B-Q is attached hereto as Exhibit "A" and incorporated herein by reference for all purposes.  A true and correct copy of the Certificate of Registration with specimen for RUDY'S TEXAS BAR-B-Q is attached hereto as Exhibit "B" and incorporated herein by reference for all purposes.

1.02     Additionally, RUDY'S TEXAS BAR-B-Q, LLC owns the rights to and has continuously used the mark RUDY'S COUNTRY STORE ("Mark 3"). Mark 3 consists of the words "RUDY'S" in outlined upper and lower case script lettering, and the words "COUNTRY STORE", in quotation marks, in upper case solid lettering, enclosed in a circle. Mark 3 was published for opposition on August 19, 2014 ("Mark 3").  Mark 3 has been in continuous use and is identified with the USPTO as US Serial No. 86-126,476.  Mark 3 was respectively registered for retail store services featuring convenience store.   Mark 3 was first used in commerce on August 15, 1989.  A true and correct copy of the Notice of Publication as well as the specimen of Mark 3 are attached hereto as Exhibit "C" and incorporated by reference for all purposes.

1.03     RUDY'S TEXAS BAR-B-Q, LLC owns the rights and has continuously used the mark RUDY'S ("Mark 4"). Mark 4 consists of the word "RUDY'S" outlined in script lettering. Mark 4 was published for opposition on August 19, 2014. Mark 4 has been is identified with the USPTO as US Serial No: 86-126,458, and was respectively registered for retail store services featuring convenience store items. Mark 4 was first used in commerce on August 15, 1989.  A true and correct copy of the Notice of Publication as well as the specimen of Mark 4 are attached hereto as Exhibit "D" and incorporated by reference for all purposes.

1.04     RUDY'S TEXAS BAR-B-Q, LLC also owns the rights to and has continuously used the mark RUDY'S, which consists word "RUDY'S" in outlined script lettering enclosed in an ellipse

("Mark 5"). Mark 5 was published for opposition on September 16, 2014. Mark 5 is identified with the USPTO as US Serial No: 86-131,271, was first used and was respectively registered for retail store services featuring convenience store items. Mark 5 in commerce in October 31, 1994. A true and correct copy of the Notice of Publication as well as the specimen of Mark 5 are attached hereto as Exhibit "E" and incorporated by reference for all purposes.

## II - PARTIES

2.01    Plaintiff RUDY'S TEXAS BAR-B-Q, LLC is a Texas limited liability company in good standing, having its principal place of business at 1514 Ranch Road 620 South, Lakeway, Texas 78734.

2.02    Upon information and belief, Defendant RUDY'S OPERTING COMPANY, LLC, is a Texas based limited liability company, having its principal place of business at 4123 Old Tyler Road, Nacogdoches, Texas 75964. RUDY'S OPERATING COMPANY, LLC may be served with process by service on its registered agent, John Richard Rudsill, 1904 S. Fredonia, Nacogdoches, Texas 75961.

## III - JURISDICTION AND VENUE

3.01    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338. This Court also has supplemental jurisdiction for the state law claims stated herein, each of which arise out of a common nucleus of facts with those from which the federal claims arise.

3.02    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this judicial district.

## IV - FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

4.01    Beginning in the 1980's and continuing to date, Plaintiff has been doing business in the United States and using and advertising in commerce the marks RUDY'S COUNTRY STORE AND BAR-B-Q, RUDY'S TEXAS BAR-B-Q, RUDY'S COUNTRY STORE, and RUDY'S (all five hereinafter referred to as "Plaintiff's Marks"). The marks have been both outlined in script lettering and outlined script lettering enclosed in an ellipse. The marks have been used in various forms in connection with gasoline sales services, convenience store services, restaurant services, retail store services featuring convenience store items. RUDY'S TEXAS BAR-B-Q, LLC is the owner of valid and existing United States Trademark Registration Nos. 1,850,102 and 2,672,476 on the Principal Register in the United States Patent and Trademark Office ("USPTO") for the marks RUDY'S COUNTRY STORE AND BAR-B-Q and RUDY'S TEXAS BAR-B-Q. Specifically, Plaintiff owns and operates and has franchises in Texas, Arizona, Colorado, New Mexico, and Oklahoma, which use one Plaintiff's Marks.

4.02    On or about August 16, 1994, Plaintiff received a certificate of registration for the service mark "RUDY'S COUNTRY STORE AND BAR-B-Q", Registration No. 1,850,102. Additionally, on or about January 7, 2003, Plaintiff received a certificate of registration for the service mark "RUDY'S TEXAS BAR-B-Q," Registration No. 2,672,476.

4.03    For more than 20 years, Plaintiff has maintained distinctive design and script at its store locations consisting of the name RUDY'S COUNTRY STORE and/or RUDY'S, both in script and in script including an ellipse. See Exhibits "C" "D," and "E." Defendant's stores mimic the distinctive design of Mark 3, Mark 4, and Mark 5. Namely, Defendant uses the word "Rudy's" in a similar script and/ or in script with an ellipse similar to that of Plaintiff's Marks, specifically including Mark 3, Mark 4, and Mark 5. Plaintiff's Marks are often on a yellow background, which appears to

be one of the common presentations Defendant uses. A true and correct copy of the Defendant's logo is attached hereto as Exhibit "F" and incorporated herein by reference for all purposes

4.04    Plaintiff now brings this lawsuit complaining of Defendant as more fully set forth herein for operating their respective gasoline sales services and convenience store services at approximately 17 locations in Texas ("Defendant's stores"). Each store is doing business as "Rudy's" in a form which is the same of substantially similar to Plaintiff's Marks.

4.05    Defendant is using the name "Rudy's" and a very similar ellipse and/or script to that of the Plaintiff's Marks, as dominant features of its advertising and is offering related and competitively similar services as Plaintiff.

4.06    Plaintiff asserts that Defendant's use of the term "Rudy's" in its name and in Defendant's logo is likely to cause confusion, mistake, or deception as to the affiliation, connection, sponsorship, and/or association of Defendant's stores and services with Plaintiff's stores and services, and its customers or potential customers. Defendant is using Plaintiff's hard work and goodwill that it took years for Plaintiff to develop. This provides Defendant with an unfair competitive advantage.

4.07    Defendant has refused to comply with requests from Plaintiff to cease and desist from using any version of Plaintiff's Marks. Specifically, on April 30, 2013, Plaintiff sent a letter to Defendant demanding that Defendant cease and desist from any and all use of the name Rudy's in conjunction with gasoline sales services and/or convenience store services. A true and correct copy of the April 30, 2013 correspondence is attached hereto as Exhibit "G" and incorporated herein by reference for all purposes

4.08    Various items of correspondence were exchanged between Defendant and Plaintiff, in which Defendant agreed to change their name and on August 2, 2013, specifically stated that

Defendant, "has begun the process of removing its "Rudy's" signs and is searching for another name at this time." A true and correct copy of Plaintiff's August 2, 2013 correspondence is attached hereto as "H" and incorporated herein by reference for all purposes. Furthermore, by way of correspondence on September 4, 2013, Defendant represented that it had removed the Rudy's signs from the exterior of its stores. A true and correct copy of Plaintiff's September 4, 2013 correspondence is attached hereto as Exhibit "I" and incorporated herein by reference for all purposes. Based upon Defendant's representations, Plaintiff did not immediately seek court intervention. However, based on information and belief, Defendant has failed to fulfill the representations put forth in their correspondence and therefore Plaintiff is forced to file suit.

4.09    Plaintiff asserts that by virtue of both usage in commerce under common law and of said federal regulations of Plaintiff's Marks, Plaintiff has acquired national trademark rights to Plaintiff's Marks, including Mark 1, Mark 2, Mark 3, Mark 4, and Mark 5.

4.10    Defendant's use of the "Rudy's" name as well as a substantially similar logo to that of Plaintiff's Marks, deprives Plaintiff of the opportunity to exercise its exclusive right to rely on and use the goodwill it has developed in Plaintiff's Marks over the past 20 years. The ellipse design mark used by Defendant is strikingly, substantially, and moreover confusingly similar to Plaintiff's "Rudy's" in an ellipse mark, because Defendant uses these marks for services that directly overlap with the services offered by Plaintiff under Plaintiff's Marks.  The result is that Defendant is trading on the goodwill represented by Plaintiff's Marks, goodwill that Plaintiff developed over the course of some twenty years.

4.11    As a direct result of Defendant's use of "Rudy's" and use of a substantially similar logo, Plaintiff has suffered and continues to suffer direct and irreparable harm.

4.12     Additionally, due to Defendant's conduct in allegedly selling alcohol to underage consumers, Plaintiff has received inquiries about the story, which has caused damage to Plaintiff's reputation.

4.13     Plaintiff has not granted Defendant permission or consent to use Plaintiff's Marks or any variation of said marks.

4.14     Defendant's conduct in using the name "Rudy's" as well as a substantially similar logo to that of Plaintiff's Marks, constitutes trademark infringement, dilution, unfair competition, deceptive trade practices, false advertising, and misappropriation in violation of state and federal laws, as well as common law.

## V - COUNT 1: FEDERAL TRADEMARK INFRINGEMENT

5.01     Plaintiff re-alleges each and every factual allegation set forth in paragraphs 1 through the immediately preceding paragraphs as though fully set forth, inclusive, and incorporates them by reference herein.

5.02     Plaintiff has used Plaintiff's Marks, continuously in commerce, and has promoted Plaintiff's Marks in interstate commerce in promotion, presentation of services, and advertising.

5.03     Defendant has used and is continuing to use the name "Rudy's" in relation to gasoline sales and convenience store services without Plaintiff's permission and such use constitutes an infringement on Plaintiff's Marks.

5.04     Defendant's use of the work "Rudy's" in its name, products, and advertisements constitutes an infringement of Plaintiff's registered Marks pursuant to Federal Trademark [Lanham] Act 15 U.S.C. §1114, *et seq*.

5.05     Additionally, Defendant's use of the work "Rudy's" in its name, products, and

advertisements constitutes an infringement of Plaintiff's common law rights to the trademarks.

5.06     As a proximate cause and result of Defendant's above-described willful conduct in Count 1, Plaintiff is informed and believes, and based thereon, alleges that it has been damaged in an unascertained amount. Plaintiff will seek leave to amend this Complaint when such damages have been ascertained.

5.07     The acts of Defendant described in Count 1 have caused and are continuing to cause irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law, and Defendant will continue to do so unless enjoined by this Court.

## VI - COUNT 2: FALSE DESIGNATION OF ORIGIN

6.01     As and for a second cause of action against Defendant, and each of them, Plaintiff adopts, re-alleges and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through the immediately preceding paragraphs as though fully set forth.

6.02     Defendant intended to, and did, confuse and mislead the public, and did represent and create the false impression that Plaintiff somehow authorized, originated, sponsored, approved, licensed or participated in the creation of defendant's infringing use of Plaintiff's Marks in commerce.

6.03     Plaintiff has not given permission to Defendant to use the Marks, including Plaintiff's name or Plaintiff's logos or any variation thereof in any manner. There is no connection or association between Plaintiff and Defendant.

6.04     Defendant's current and continued use of the name "Rudy's" as well as the substantially similar logo to Plaintiff's Marks, will continue to create a false impression with regard to the association between Plaintiff and Defendant.

6.05     As a proximate cause and result of Defendant's above-described willful conduct in

Count 1, Plaintiff is informed and believes, and based thereon, alleges that it has been damaged in an unascertained amount. Plaintiff will seek leave to amend this Complaint when such damages have been ascertained.

6.06     The acts of Defendant described in Count 2 have caused and are continuing to cause irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law, and Defendant will continue to do so unless enjoined by this Court.

### VII - COUNT 3: FEDERAL TRADEMARK DILUTION

7.01     As for a third cause of action against Defendant, Plaintiff re-alleges and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through the immediately preceding paragraphs as though fully set forth.

7.02     The marketing and sales by Defendant, by and through Defendant's convenience store locations, Defendant's logo, and any applicable direct sale items, such as cups, under the title "Rudy's" has, pursuant to §1125 of the Lanham Act, created a likelihood of confusion in the minds of customers and potential customers as to the source or origin of Defendant's goods and services, in that purchasers of Defendant's goods and services have an will continue to draw the erroneous conclusion that the source of Defendant's goods and services is Plaintiff.

7.03     As a proximate result of Defendant's above-described willful conduct in Count 3, Plaintiff is informed and believes, and based thereon, alleges that it has been damaged in an unascertained amount. Plaintiff will seek leave to amend this Complaint when such damages have been ascertained.

7.04     These acts of Defendant described in Count 3 have caused and are continuing to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law, and Defendant will

continue to do so unless enjoined by this Court.

## VIII - COUNT 4: CONTRIBUTORY TRADEMARK INFRINGEMENT AND DILUTION

8.01    As and for a fourth cause of action against Defendant, Plaintiff adopts, re-alleges and incorporates by reference all of the allegations contained hereinabove in paragraphs 1through the immediately preceding paragraphs as though fully set forth.

8.02    Upon information and belief, Defendant has engaged in contributory trademark infringement and dilution by procuring or causing to be procured from third parties marketing items, such as signage, and cups, consisting of the letters "Rudy's," and in doing so, also inducing said third parties to ignore Plaintiff's rights to Plaintiff's Marks, including Plaintiff's name, Plaintiff's logos, and variations thereof, and through said contributory infringement causing dilution of Plaintiff's Marks.

8.03    As a proximate result of Defendant's above-described conduct, Plaintiff is informed and believes, and based thereon, alleges that it has been damaged in an unascertained amount. Plaintiff will seek to leave to amend this Complaint when such damages have been ascertained.

8.04    The acts of Defendant described in Count 4 have caused and are continuing to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law, and Defendant will continue to do so unless enjoined by this Court.

## IX - COUNT 5: FEDERAL UNFAIR COMPETITION

9.01    As and for a fifth cause of action against Defendant, Plaintiff adopts, re-alleges, and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through the immediately preceding paragraphs as though fully set forth.

9.02    The foregoing actions by Defendant constitute unfair competition against Plaintiff in violation of 15 U.S.C. §1125(a).

9.03        As a proximate result of Defendant's above-described conduct, Plaintiff is informed and believes, and based thereon, alleges that it has been damaged in an unascertained amount. Plaintiff will seek leave to amend this Complaint when such damages have been ascertained.

9.04        The acts of Defendant described in Count 5 have caused and are continuing to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law, and Defendant will continue to do so unless enjoined by this Court.

## X - COUNT 6: INJURY TO BUSINESS REPUTATION AND TRADEMARK DILUTION UNDER STATE LAW

10.01       Plaintiff re-alleges and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through the immediately preceding paragraphs as though fully set forth.

10.02       In 1994 and 2003, Plaintiff submitted its Trademark/Service Mark applications to USPTO for RUDY'S COUNTRY STORE AND BAR-B-Q and RUDY'S TEXAS BAR-B-Q, and The Notice of Publications were respectively published. Therefore, Defendant was on notice as to Plaintiff's ownership in and rights with respect to these particular Marks. Furthermore, Plaintiff sent correspondence to Defendant informing them of Plaintiff's ownership of the Marks.

10.03       Defendant has been placed on constructive notice of Plaintiff's filing with the USPTO and on notice as to the ownership of said Marks. Although Defendant is aware of Plaintiff's ownership of the Marks, Defendant continues to feature Plaintiff's Marks.

10.04       Furthermore, The Notice of Publications for RUDY'S COUNTRY STORE AND RUDY'S were published and no oppositions were filed.  Therefore, Therefore, Defendant was on notice as to Plaintiff's ownership in and rights with respect to these particular Marks

10.05       Upon information and belief, Defendant has induced or sought others to believe that

Plaintiff's rights to the Marks are unenforceable and to act upon that belief to the detriment of Plaintiff.

10.06     The foregoing actions by Defendant has injured Plaintiff's business reputation and good business name in the eyes of Plaintiff's customers and suppliers by disparaging and discrediting Plaintiff's business practices and methods in connection with Plaintiff's mark.

10.07     The same actions have caused dilution of the distinctive quality of Plaintiff's Marks.

10.08     The actions complained of in this Count 6 constitute a violation of TEXAS BUSINESS AND COMMERCE CODE Chapter §16.103.

10.09     The above-described acts of Defendant have caused and are continuing to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law, and Defendant will continue to do so unless enjoined by this Court.

10.10     Further, Defendant's actions, as alleged above, were with full knowledge of Plaintiff's rights and in derogation thereof. Therefore, Plaintiff is entitled to treble damages against Defendant, in an unascertained amount. Plaintiff will seek leave to amend this Complaint when such damages have been ascertained.

## XI - PRAYER FOR RELIEF

11.01     WHEREFORE, Plaintiff RUDY'S TEXAS BAR-B-Q, LLC, prays for judgment in its favor and against Defendant as follows:

    a.    An award of monetary damages, including recovery of Defendant's profits and the damages sustained by Plaintiff, arising from the acts of Defendant complained of herein, according to proof;

    b.    An award of trebled monetary damages, according to proof;

    c.    An award of prejudgment interest from the date of each wrongful act and recovery of

  Plaintiff's attorneys' fees and costs;

d.  Injunctive relief against Defendant, their officers, agents, employees, servants, attorneys, representatives, successors and assigns, and each of them and all others in privity and acting on behalf of or in concert therewith, from using as a trade name, trademark, service mark or otherwise referring to itself or their goods or services, comprising or containing the word "Rudy's," or any acronym of similar appearance, sound or import, including, but not limited to, licensing, selling or otherwise using in commerce the term "Rudy's" as an indicator of origin of goods in connection with any licensing, merchandising, or sale of goods or services;

e.  A judicial declaration that Plaintiff shall have the exclusive right to use the Marks and Plaintiff's logo;

f.  Defendant must legally change it's name;

g.  For attorneys' fees and costs of court;

h.  For all other costs and expenses permitted by law; and

i.  Any and all further relief as may be deemed just and proper.

## XII - DEMAND FOR JURY TRIAL

12.01  Pursuant to Rule 38 of the FEDERAL RULES OF CIVIL PROCEDURE, Plaintiff hereby demands trial by jury on each of the above causes of action.

Dated: October 29, 2014      Respectfully Submitted,

             HAJJAR PETERS, LLP
             3144 Bee Caves Road
             Austin, Texas 78746
             Telephone: (512) 637-4956
             Facsimile: (512) 637-4958

       By:    /s/ Doran D. Peters_____
             Doran D. Peters
             service@legalstrategy.com
             State Bar No. 24027615
             Teresa C. Baker
             service@legalstrategy.com
             State Bar No. 24053131

                                                          Signature on File with the U.S. District Clerk
                                                          ATTORNEYS FOR PLAINTIFF